In the Matter of the ESTATE of Adrian LAMB, Deceased.

No. 58857.

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1976.

Rehearing Denied March 8, 1976.

John Ashcroft, Asst. Atty. Gen., Jefferson City, for appellant.

Jack M. Chasnoff, Clayton, for respondent.

HENRY I. EAGER, Special Commissioner.

In this case the Director of Revenue appeals from an order of the Circuit Court reversing the order of the Probate Court of St. Louis County which assessed an inheritance tax upon a portion of the Executor's commission or fee. No facts are disputed. The case involves a construction of the Revenue Laws. Section 473.153(1), RSMo 1969,* sets out the minimum fee schedule of executors; under this the compensation would have been $6,076.19. In Mr. Lamb's will the following appeared, as clause 8(b): "I give to JOSEPH L. TUCKER, my Executor hereinabove named, the sum of Fifteen Thousand Dollars ($15,000.00) as compensation for his services in connection with this my Last Will, in lieu of all statutory commissions and compensations to which he might otherwise be entitled." This was followed by a provision for attorneys' fees to him or any partner for "any professional work."

Section 145.050 of our statutes is as follows: "If a testator devises or bequeaths property to one or more executors or trustees in lieu of their commission or allowances, or makes them his devisees or legatees

* All statutory references will be to this edition unless otherwise stated.

to an amount exceeding the commission or allowance prescribed by law for an executor or trustee, the excess in value of the property so bequeathed above the amount of commission or allowances prescribed by law in similar cases shall be subject to the tax imposed by this chapter." The Probate Court assessed an inheritance tax on $8,923.81, being the difference between the statutory minimum fee and the $15,000 specified in the will; that tax was $446.19. That Court also assessed an additional tax of $23.52, because the will provided that the taxes should be paid out of the residuary estate which, it ruled, constituted an additional bequest to the Executor of the $446.19. The Executor filed exceptions; they were overruled and an appeal was taken to the Circuit Court.

At this point we refer again to § 473.-153(1). It is long and we shall not quote it. In addition to the minimum fee schedule it provides: that a provision by will for the compensation of an executor "shall be allowed and taken as his full compensation" unless he renounces it; that where reasonable compensation is in excess of the minimum provided in the schedule the Court shall allow such additional compensation as will make it "reasonable and adequate." There was no allowance here of additional compensation (the Executor obviously accepted the $15,000) and there was no finding concerning the amount of reasonable compensation. There was no evidence in the Probate Court concerning the amount of a reasonable fee.

The issue was (and is): Was the difference between the statutory minimum fee and the $15,000 given by will, taxable under § 145.050 as a bequest in "an amount exceeding the commission or allowance prescribed by law?" Appellant says it was, respondent says it was not. We shall refer to another rather incidental point later. It seems clear that the purpose of such a statute was to prevent a testator from evading or thwarting the inheritance tax by giving substantial (and perhaps excessive) sums designated as fees to one or more of his principal beneficiaries, with the result of eliminating inheritance taxes to that extent. Various states have somewhat similar statutes. The trial court wrote no opinion.

Appellant says that here the minimum statutory fee was the amount "prescribed by law" and that any excess over that of a fee given by will is taxable, because the latter is merely *permitted* by law and not *"prescribed."* Respondent says that this provision of the will is not a bequest but a mere fixing of compensation, and that it was not in excess of the amount *"provided by law"* under § 473.153(1). (Note the difference between "provided" and "prescribed"; respondent does not always distinguish between the two.) We rule that this was a "bequest" within the meaning of § 145.050. The word "bequeath" was not used but "give" is certainly the equivalent, and any distinction would be rather technical. The word should be construed in its ordinary sense and meaning. In Black's Law Dictionary, Rev. 4th Ed., it is defined, among other definitions, as "to *give* personal property by will to another." (Italics ours.) Moreover the words "in lieu of" would seem also to indicate a bequest to be effected regardless of the prescribed statutory fees. The argument that this was a mere agreement on a fixed fee is not persuasive. We are not concerned here with what the Executor could and did receive as his compensation, but solely with the impact of the Missouri Inheritance Tax. The statute certainly puts all parties on notice that a portion of the fee may be subject to the tax. The statute taxes that part of the fee above *"the commission or allowance prescribed by law."* So far as any "agreement" is concerned the will speaks for itself,—as a gift, and we cannot read other meanings into it.

Respondent says, in substance, that even if this is a bequest, any such amount bequeathed to the Executor is an "allowance" *provided* by law, because § 473.153(1) authorizes such allowances as a "provision

for compensation." That part of § 473.-153(1) (as other parts) obviously refers to the amount which the executor *may receive* and it has no relationship to any matter of inheritance tax; and it does not really constitute an "allowance" at all, but is a mere permission for the creation of a fixed compensation. It is certainly not an allowance *"prescribed"* by law. The word "prescribe" is defined as "to dictate, direct, or to impose as a peremptory order * * *." Black's Law Dictionary, Rev. 4th Ed. It connotes a positive direction, and not a mere permission, as was the provision regarding the naming of a fee by will. We hold that the $15,000 bequest was not a "commission or allowance *prescribed* by law." (Italics ours.) We need not consider what the situation would have been if the Probate Court had made an order or finding that a reasonable fee would have been an amount in excess of the minimum fee, for there was no such order or finding. The assessment of the tax here upon the excess above the minimum statutory fee rather indicates that the minimum *was* considered to be a reasonable fee. Section 145.050 dictates that a testator may not arbitrarily fix a fee in any amount he chooses insofar as the inheritance tax is concerned. He *may* do so insofar as the transfer of the money (less the tax) is concerned.

As thus considered, we do not deem the two statutes to be in any way in conflict. We do not regard § 145.050 as an exemption statute, but as a taxing statute. It is true that taxing statutes are to be strictly construed, but this does not mean that they are to be distorted in favor of the taxpayer. The meaning of that statute is so plain to us that no question of strict or liberal construction arises.

The argument concerning the financial impact of our ruling upon the Executor, the estate, and the State of Missouri regarding income and estate taxes is rather pointless. It is immaterial that the Executor might thus gain and the estate and the State lose. We are only construing the statutes which are relevant to these facts.

Both sides cite the case of *In re McKinney's Estate*, 351 Mo. 718, 173 S.W.2d 898 (1943), and each insists that the opinion is in its favor. We do not regard it as decisive either way. The principal distinction on the facts is that it involved the fee of a *trustee*, for whom there were no statutorily prescribed fees. Another is that the deduction sought there by reason of the fee was from the "net value" of the estate coming to the residuary legatees, and involved their tax, not that of a trustee or executor. There the will specified a fee of 5% (construed by both parties to apply only to the corpus of the trust) and the question was whether this fee could be deducted in assessing the inheritance tax. The Court considered the predecessor statute of § 145.050 (then § 581, RSMo 1939).

The Probate Court and the Circuit Court had held that the fee given to the trustee by will was not deductible in assessing the inheritance tax. The State contended that since there was no trustee's fee "prescribed by law," no trustee's fee could be deducted. We note that under general Missouri law a trustee is entitled to a reasonable fee, fixed by the Court or by will. This Court reversed. The opinion seems to indicate that one reason given, and perhaps the principal one, was that the 5% fee had been paid and deducted from the residuary estate before the beneficiaries received it, and that the "net value" of their estate did not include any such amount; and that *their* tax, therefore, should not be based upon an amount which they did not receive. The Court then held that since there were no trustees' fees prescribed by statute, the references in § 581 to "prescribed by law" could not mean "prescribed by statute" as to trustees; and that unless it adopted a construction which would "strike" the word "trustees" out of the statute, it must adopt a broader definition to include any reasonable amount allowed by will. This part of the opinion, which is not entirely clear to us insofar as executors are concerned, reads as follows, 173 S.W.2d 898, l.c. 902: "Since there is no statute governing trustee's fees, to construe

the words 'prescribed by law' to mean specifically 'prescribed by statute' would strike the word 'trustees' out of the statute, while the phrase 'prescribed by law' makes sense when considered with the word 'executor' and using the word 'law' in its commonly accepted and broadest sense. Section 581 is, therefore, applicable and is a further limitation on the sum which may be deducted; an amount exceeding the allowance prescribed or permitted by law, that is, as to a testamentary trustee, any sum in excess of a reasonable allowance by way of device or legacy is subject to the tax."

That case did *not* involve an executor whose commissions *are* prescribed by statute. The parties disagree as to whether the Court, by inference, indicated that the term "prescribed by law" would mean "prescribed by statute" with reference to executors. We doubt that the Court attempted to decide that question, but if it did it was by way of dictum. We hold, as already indicated, that under the facts of our case the commission or fee "prescribed by law" was the minimum fee fixed by § 473.153(1), and that the excess between that amount and the $15,000 was taxable.

A second point raised by the Appellant is that the Court erred in hearing parol evidence (from the Executor) "as to the meaning and interpretation of the will * *." Since we are reversing the case on Appellant's first point with directions, the second point becomes irrelevant; also, such evidence as was admitted would seem to have been immaterial.

The order and judgment of the Circuit Court are reversed with directions to enter an order affirming and reinstating the order of the Probate Court of St. Louis County.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.